CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
August 29, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SEAN KIRBY ROSSER,<br>  Plaintiff,<br><br>v.<br><br>D.C. GARDNER, *et al.*,<br>  Defendants. | Civil Action No. 7:24-cv-00617<br><br>By: Elizabeth K. Dillon<br>Chief United States District Judge |

**MEMORANDUM OPINION**

Sean Kirby Rosser, an inmate at the Roanoke City Adult Detention Center proceeding *pro se*, brought this civil rights action pursuant to 42 U.S.C. § 1983 against D.C. Gardner and two anonymous defendants. (Compl., Dkt. No. 1.) Rosser filed an amended complaint which substituted Sgt. Hughes for one of the Doe defendants. (Am. Compl., Dkt. No. 11.)[1] Before the court is a motion to dismiss by Hughes and Gardner. (Dkt. No. 16.) Rosser filed a response to the motion. (Dkt. No. 19.)

Defendants' motion will be granted, and this matter will be dismissed in its entirety for the reasons stated below.

I. BACKGROUND

In considering a motion to dismiss, the court must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in the plaintiff's favor. *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023). In the light most favorable to the plaintiff, this suit is based upon the following events as set forth in Rosser's amended complaint. (Dkt. No. 11.) The court has also considered the attachments to plaintiff's complaint which are integral to and explicitly relied

---

[1] The amended complaint set forth claims against one anonymous defendant, John Doe, who was later identified by plaintiff as Deputy Hall. (Dkt. No. 19.)

upon in the complaint. *Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015).

**A. Amended Complaint**

Rosser alleges that he is a pretrial detainee at the Roanoke City Adult Detention Center. On June 18, 2024, between 2:00 a.m. and 4:00 a.m., Rosser was arrested by D.C. Gardner. A blood toxicity test was administered at the scene of the arrest, which was negative. However, plaintiff was vomiting "non stop." (Am. Compl. 4.)

Rosser was transported to the Roanoke City Adult Detention Center. He was placed in a holding cell and handcuffed without a toilet or running water. Rosser began gagging as if he needed to vomit again. Plaintiff asked Sgt. Hughes and John Doe if he could use the bathroom, but plaintiff was ignored. Rosser repeated his "urgencies to use the bathroom" but was ignored again. (Am. Compl. 5–6.) Rosser continued to repeat his requests, stating that he would vomit and his "bowels were getting ready to move," but Rosser was either ignored or told "no" by the defendants, including Gardner, who said "No!" and "I'm going to see if I can't secure more indictments on you . . . ." (*Id.* 7–8.) Finally, Rosser told the defendants that he had urinated and defecated on himself, and Rosser was left in the holding cell with urine and feces on his body with his handcuffs behind his back for over 20 minutes.

When removed from the holding cell, plaintiff asked Sgt. Hughes and John Doe for grievances. They refused to give Rosser any grievances and escorted plaintiff to the shower. Plaintiff asserts that he was compliant during his arrest. (*Id.* 10.)

Plaintiff alleges that the denial of access to the bathroom violates his rights under the Fourteenth Amendment, causing pain, suffering, and emotional distress. Rosser also alleges a

2

First Amendment violation based on the denial of grievances. Plaintiff seeks compensatory and punitive damages and declaratory relief.

**B. Plaintiff's Response and Affidavit**

In his response to the motion to dismiss, Rosser filed an "Affidavit of Truth and Facts". (Dkt. No. 19.) The affidavit largely recounts facts that are identical to those set forth in the amended complaint, except that it identifies the John Doe defendant as Deputy Hall.

## II. ANALYSIS

**A. Motion to Dismiss**

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. A plaintiff must "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a *pro se* complaint must still meet the "minimum threshold

of plausibility" under *Twombly* and *Iqbal*. *See Manigault v. Capital One, N.A.*, Civil No. JKB-23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023). While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

**B. Due Process Claim**

Rosser was a pretrial detainee at the time of the violations alleged in his amended complaint. A pretrial detainee's claims based on the conditions of his confinement arise under the Due Process Clause of the Fourteenth Amendment. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Brown v. Harris*, 240 F.3d 383, 388–90 (4th Cir. 2001). The Fourteenth Amendment prohibits conditions of confinement that amount to punishment of a pretrial detainee because "a detainee may not be punished prior to an adjudication of guilt." *Hammock v. Watts*, No. TDC-22-cv-0482, 2023 WL 2457242, at *6 (D.Md. Mar. 10, 2023) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). To state such a claim, a pretrial detainee must plead facts sufficient to establish that he was subjected to a condition of confinement that posed a substantial risk of serious harm, that "the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed," and that "the defendant knew or should have known . . . that the defendant's action or inaction posed an unjustifiably high risk of harm." *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023); *see also Moss v. Trent*, Case No. 7:23-cv-00116, 2025 WL 84218, at *3 (W.D. Va. Jan. 13, 2025) (citing *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017), and *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016), as applying a similar standard).

A condition or restriction of confinement is impermissible under the Fourteenth Amendment when it is "(1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate nonpunitive governmental objective, in which case an intent to punish may be inferred." *Short*, 87 F.4th at 606 (quoting *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988)).  However, "not every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Martin*, 849 F.2d at 870 (citing *Bell*, 441 U.S. at 538–40).  Rather, the defendants' acts or omissions must be alleged as "objectively unreasonable," because "the defendant should have known of that condition and that risk, and acted accordingly." *Short*, 87 F.4th at 611.

Under this standard, courts have held that the temporary denial of bathroom access to pretrial detainees, even resulting in an inmate soiling himself, does not rise to the level of a constitutional violation.  "[I]n ordinary circumstances, a temporary deprivation of the right to use the toilet, in the absence of serious physical harm or a serious risk of contamination simply does not rise to the level of an Eighth [or Fourteenth] Amendment violation." *D'Attore v. New York City*, No. 10-cv-3102 (JSR), 2015 WL 556778, at *10 (S.D.N.Y. Feb. 10, 2015).  Rosser does not plausibly allege that he was denied bathroom access for an excessively long duration of time. Rosser alleges that he was not allowed to use bathroom facilities while he was processed in the jail, and then he had to wait 20 minutes after his accident before being taken to the shower. Moreover, plaintiff also has not alleged that the defendants acted recklessly, knowingly, or with intent that Rosser would soil himself and be harmed if they did not immediately take him to the bathroom while they were processing him.

Accordingly, the court finds that plaintiff has not adequately pled a due process claim based on the conditions of his confinement.

### C. First Amendment

Plaintiff also alleges that the denial of his request for grievances by the defendants violated his First Amendment right to petition the government for redress. Inmates do not have a constitutional right to access a grievance procedure; thus, an inmate "cannot bring a § 1983 claim alleging denial of a specific grievance process." *Haynie v. Clarke*, Case No. 1:23CV00016, 2024 WL 2874374, at *3 (W.D. Va. June 7, 2024) (citing *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017)); *see also Julmice v. Fla. Dep't of Corr.*, CASE NO. 08-22243-CIV-SEITZ, 2008 WL 11331754, at *3 (S.D. Fla. Sept. 3, 2008) ("The Constitution does not entitle prisoners and pretrial detainees in state or federal facilities to grievance procedures . . .,") (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994)). For purposes of the First Amendment, plaintiff does not allege that he was arrested in retaliation for any protected speech. *See Reichle v. Howard*, 566 U.S. 658, 666 (2012).

Thus, the court will grant the motion to dismiss regarding plaintiff's claim of the refusal of defendants to give plaintiff grievance forms or to allow him access to any grievance procedure because the amended complaint does not state any plausible claim under the First Amendment or any other constitutional provision.

### D. State Law Claims

Defendants' motion asserts that they would be entitled to sovereign immunity with respect to any state law claims. The court does not construe plaintiff's amended complaint as raising any such claims, so the court will not address the issue of sovereign immunity.

### E. John Doe Defendant

Rosser named a John Doe defendant and a Jane Doe defendant in his initial complaint. On October 23, 2024, the court issued an order advising that if plaintiff fails to provide the name

6

of the John Doe or Jane Doe defendants within 30 days, and to allege facts concerning the conduct that those defendants undertook in violation of plaintiff's rights, then the claims against John Doe and Jane Doe could be dismissed without prejudice. (Dkt. No. 7.) Rosser responded by filing an amended complaint that identified the Jane Doe defendant, but not the John Doe defendant.

Later, in his response to the motion to dismiss, plaintiff identified the John Doe defendant as Deputy Hall. (Dkt. No. 19.) Plaintiff cannot amend his complaint in his briefing in response to the motion to dismiss. *See Jones v. Toro*, No. 3:23cv514, 2023 WL 8881816, at *9 (E.D. Va. Dec. 22, 2023) ("[P]laintiffs—even when proceeding *pro se*—cannot amend their complaints through motions practice."). And, in any event, the claims as alleged in the amended complaint against the John Doe defendant do not state any actionable claims.

### III. CONCLUSION

The court will issue an appropriate order granting defendants' motion to dismiss.

Entered: August 29, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge